UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERRICK BROOKS,

    Plaintiff,

v.                                                    CASE NO. 8:17-cv-1897-T-02JSS

HEALTHCARE-IQ, INC.,

    Defendant.
                                         /

## ORDER ON COSTS

This cause comes before the Court on Defendant's Motion for Taxation of Costs and Attached Bill of Costs (Dkt. 55). No objections have been filed. After careful consideration of the proposed Bill of Costs, the applicable law, and the entire file, the Court concludes the motion should be granted.

Costs other than attorneys' fees "should be allowed to the prevailing party" unless a federal statute, the federal rules, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). The prevailing party may recover the costs of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 42 U.S.C. § 1920(2). Although § 1920 does not specifically allow court reporter appearance fees, several courts in this District have permitted the recovery when the deposition is "necessarily obtained." *See Brazill v. Miners*, No. 8:14-cv-3131-T-27TGW, 2018 WL 1609960, at *2 (M.D. Fla. Apr. 3, 2018) (citing cases both for

and against awarding costs for court reporter appearance fees); *Frost v. McNeilus*, No. 8:14-cv-81-T-24MAP, 2015 WL 1730244, at *2 (M.D. Fla. Apr. 14, 2015) (citing authority for awarding costs for same); *Gleason v. Roche Labs., Inc.*, No. 3:08-cv-1172-J-20JRK, 2011 WL 6076526, at *2 (M.D. Fla. Dec. 6, 2011) (citing cases both for and against awarding costs for same).[1] Likewise, costs of expedited transcripts may be allowed if expediting them was necessary "under the circumstances to meet court deadlines." *Chico's FAS, Inc. v. Clair*, No. 2:13-cv-792-FtM-38MRM, 2018 WL 1833134, at *9 (M.D. Fla. Jan. 25, 2018) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225-26 (11th Cir. 2002)).[2]

Defendant as the prevailing party seeks court reporter hourly appearance fees and the costs of expedited deposition transcripts for two depositions – Plaintiff Derrick Brooks and Michele Massimino. Both of these depositions were heavily relied on in Defendant's successful motion for summary judgment (Dkt. 43), and the Court's order granting the summary judgment cites extensively to both

---

[1] *See also Chico's FAS, Inc. v. Clair*, No. 2:13-cv-792-FtM-38MRM, 2018 WL 1833134 at *9 (M.D. Fla. Jan. 25, 2018) (citing cases both for and against awarding costs for same); *S.G. by and through S.M.G. v. Walt Disney Parks & Resorts US, Inc.*, No. 6:14-cv-1899-Orl-22GJK2017 WL 3065212, at *10 (M.D. Fla. July 19, 2017) (citing cases for awarding costs for same); *Universal Physician Servs., LLC v. Zotto*, No. 8:16-cv-1274-T-26JSS, 2017 WL 2560024, at *4 (M.D. Fla. May 24, 2017) (same).

[2] *See also Mims/Alafia, LLC v. Mosaic Fertilizer, LLC*, No. 8:05-cv-2271-T-26EAJ, 2007 WL 9723778, at *1 (M.D. Fla. July 20, 2007) (awarding deposition transcript costs at regular page rate because prevailing party failed to explain why depositions at issue were expedited).

depositions in reaching its decision. Dkt. 53. As such, both depositions were "necessarily obtained for use" in the case.

Not only were both depositions "necessarily obtained," but Defendant has shown that at the time the expedited copy of Massimino's deposition was ordered, Defendant reasonably believed it was necessary to do so to timely file its motion for summary judgment. Defendant has also shown that Plaintiff's deposition was ordered on an expedited basis to meet the short response deadline to a motion to compel. The Court finds recovery for the expedited transcripts is warranted. *See Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-595-T-24TGW, 2010 WL 1856060, at *2 (M.D. Fla. May 10, 2010) (permitting expedited transcript costs to meet court deadline).

Accordingly, Defendant's Motion for Taxation of Costs (Dkt. 55) is granted. Defendant is awarded costs in the amount of $ 4,390.70. The Courtroom Deputy Clerk is directed to enter a Bill of Costs in favor of Defendant.

**DONE AND ORDERED** at Tampa, Florida, on March 27, 2019.

    s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record